Douglas R. Brown, Esq., NSB #7620
Lemons, Grundy & Eisenberg
6005 Plumas Street, Suite 300
Reno, NV 89519
*drb@lge.net*
Telephone: (775) 786-6868
Facsimile: (775) 786-9716

FAEGRE BAKER DANIELS LLP
Jerome A. Miranowski, Esq.
*jerome.miranowski@FaegreBD.com*
Jane E. Maschka, Esq.
*Jane.maschka@FaegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Petitioner Leon Mark Kizer*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Leon Mark Kizer, | |
| Petitioner, | Case No. 3:16-CV-00395-LRH-WGC |
| v. | **STIPULATION FOR EXTENSION OF TIME TO FILE DISCOVERY PLAN AND SCHEDULING ORDER** |
| United States Environmental Protection Agency, | |
| Respondent. | |

According to Local Rule 26-1, the Parties must submit a stipulated discovery plan and scheduling order within 44 days of the filing of the Answer. The Parties have previously requested, and the Court has granted, an extension of the deadline six times to allow for a possible resolution in this matter: first to December 12, 2016, second to March 13, 2017, third to June 12, 2017, fourth to September 10, 2017, fifth to December 11, 2017, and sixth to March 11, 2018. There has been substantial progress towards this resolution, but as discussed below, the final resolution of this matter has been delayed by developments in a separate litigation.

1

Now, the Parties, by and through their respective counsel, have agreed and hereby stipulate pursuant to Federal Rule of Civil Procedure Rule 6 (b) and Local Rules IA 6-1, IA 6-2, 7-1, and 26-4 that the deadline for filing a stipulated discovery plan and scheduling order is hereby extended 90 days to **June 7, 2018**.

This petition involves an objection to a compliance order (the "Compliance Order") issued by the United States Environmental Protection Agency ("EPA") to Petitioner/Appellee Leon Mark Kizer and the Pine View Estates Homeowner's Association ("PVHOA").

The resolution of this petition, in the manner the Parties have been anticipating, hinges on the settlement of a related matter. On September 12, 2017, Kizer and PVHOA entered into a settlement agreement ("Settlement Agreement") in *Kizer v. PTP, Inc. et al*, Case No. 3:15-CV-00120-RCJ-WGC (D. Nev.) (ECF No. 338). There are over 200 defendants in the *Kizer* case, including all of the individual homeowners in the PVHOA, and the Bureau of Indian Affairs ("BIA"). The Settlement Agreement was contingent on the BIA's approval of the transfer of common areas from trust to fee – the BIA holds title to the land comprising the PVHOA in trust on behalf of Kizer. The fee lands would serve as collateral for a loan to fund the obligations as detailed in the Compliance Order. The BIA approved said trust-to-fee transfer on October 18, 2017 and that transfer was contemplated to occur by the end of November, 2017.

On November 8, 2017, the Hon. Robert C. Jones confirmed and approved the Settlement Agreement. *See Kizer v. PTP, Inc.*, Case No. 3:15-CV-00120-RCJ-WGC (D. Nev.) (ECF No. 452). However, subsequent to Judge Jones' approval of the Settlement Agreement, a dispute arose between Kizer and some of the defendants in the implementation of the Settlement Agreement; specifically, attorneys representing the title insurers who are funding the Settlement Agreement, as well as attorneys representing individual homeowners, have asserted that the BIA has not fully complied with the terms of the Settlement Agreement, and by extension, the requirements of the National Historic Preservation Act ("NHPA") in effecting the transfer of land. To date, the issue of whether or not there has been compliance with NHPA or the terms of the Settlement Agreement in the *Kizer* case is still being resolved but

the parties are approaching a resolution.

If and when the settlement closes in *Kizer v. PTP, Inc.*, the parties in the case anticipate lodging a consent decree in another related case, *Pine View Estates Homeowner's Assoc. v. EPA*, Case No. 3:16-CV-00402 (D. Nev.), relating to and addressing the Compliance Order. The consent decree will need to be negotiated and once finalized and approved by officials at EPA and the United States Department of Justice, will be lodged with the Court. The Parties will then request that the Court approve and enter the consent decree. The consent decree will vacate the Compliance Order as to Kizer and will make the PVHOA solely responsible for the wastewater treatment system that is the subject of the Compliance Order. The approval and entry of the anticipated consent decree vacating the Compliance Order as to Kizer will moot this petition.

To preserve judicial resources, the Parties in this case stipulate to extend the stipulated discovery order and scheduling order deadlines until **June 7, 2018**. The Parties will notify the Court if the settlement closes in the meantime or if the Parties will proceed with this petition.

Dated this 9th day of March, 2018.

| | |
|---|---|
| Faegre Baker Daniels LLP<br>*Attorneys for Petitioner* | Jeffrey H. Wood<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division<br>*Attorney for Respondent* |
| By:     */s/ Jerome A. Miranowski*<br>      Jerome A. Miranowski<br>      2200 Wells Fargo Center<br>      90 South 7th Street<br>      Minneapolis, MN 55402<br>      (612) 766-7000<br>      Jerome.miranowski@faegrebd.com | By:     */s/ Michael C. Martinez*<br>      Michael C. Martinez (CA # 275581)<br>      Environmental Defense Section<br>      601 D Street N.W., Suite 8000<br>      Washington D.C. 20004<br>      (202) 514-0135<br>      Michael.C.Martinez@usdoj.gov |

US.116859694.01

**IT IS SO ORDERED:**

*/s/ William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

DATED: March 12, 2018.