Douglas R. Brown, Esq., NSB #7620
Lemons, Grundy & Eisenberg
6005 Plumas Street, Suite 300
Reno, NV 89519
*drb@lge.net*
Telephone: (775) 786-6868
Facsimile: (775) 786-9716

FAEGRE BAKER DANIELS LLP
Jerome A. Miranowski, Esq.
*jerome.miranowski@FaegreBD.com*
Jane E. Maschka, Esq.
*Jane.maschka@FaegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Petitioner Leon Mark Kizer*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Leon Mark Kizer, | |
| Petitioner, | Case No. 3:16-CV-00395-LRH-WGC |
| v. | **STIPULATION FOR EXTENSION OF TIME TO FILE DISCOVERY PLAN AND SCHEDULING ORDER** |
| United States Environmental Protection Agency, | |
| Respondent. | |

According to Local Rule 26-1, the Parties must submit a stipulated discovery plan and scheduling order within 44 days of the filing of the Answer. The Parties have previously requested, and the Court has granted, an extension of the deadline seven times to allow for a possible resolution in this matter: first to December 12, 2016, second to March 13, 2017, third to June 12, 2017, fourth to September 10, 2017, fifth to December 11, 2017, sixth to March 11, 2018, and seventh to June 7, 2018. There has been substantial progress towards this resolution, but as discussed below, the final resolution of this matter has been delayed by developments in a separate litigation.

1

1     Now, the Parties, by and through their respective counsel, have agreed and hereby stipulate pursuant to Federal Rule of Civil Procedure Rule 6 (b) and Local Rules IA 6-1, IA 6-2, 7-1, and 26-4 that the deadline for filing a stipulated discovery plan and scheduling order is hereby extended 90 days to **September 5, 2018**.

A. This petition involves an objection to a compliance order (the "Compliance Order") issued by the United States Environmental Protection Agency ("EPA") to Petitioner/Appellee Leon Mark Kizer and the Pine View Estates Homeowner's Association ("PVHOA").

B. The resolution of this petition, in the manner the Parties have been anticipating, hinges on the settlement of a related matter. On September 12, 2017, Kizer and PVHOA entered into a settlement agreement ("Settlement Agreement") in *Kizer v. PTP, Inc. et al*, Case No. 3:15-CV-00120-RCJ-WGC (D. Nev.) (ECF No. 338). There are over 200 defendants in *Kizer v. PTP, Inc.*, including all of the individual homeowners in the PVHOA, and the Bureau of Indian Affairs ("BIA"). The Settlement Agreement was contingent on the BIA's approval of the transfer of common areas from trust to fee – the BIA holds title to the land comprising the PVHOA in trust on behalf of Kizer. The fee lands would serve as collateral for a loan to fund the obligations as detailed in the Compliance Order. The BIA approved said trust-to-fee transfer on October 18, 2017 and that transfer was contemplated to occur by the end of November, 2017.

C. On November 8, 2017, the Hon. Robert C. Jones confirmed and approved the Settlement Agreement. *See Kizer v. PTP, Inc.*, Case No. 3:15-CV-00120-RCJ-WGC (D. Nev.) (ECF No. 452).

D. However, subsequent to Judge Jones' approval of the Settlement Agreement, a dispute arose between Kizer and some of the defendants in the implementation of the Settlement Agreement; specifically, attorneys representing the title insurers as well as attorneys representing individual homeowners, have asserted that the BIA has not fully complied with the terms of the Settlement Agreement, and by extension, the requirements of the National Historic Preservation Act ("NHPA") in effecting the transfer of land.

E. On April 18, 2018 counsel for Kizer sent a letter to counsel for the title insurance

companies and counsel for defendants in *Kizer v. PTP, Inc.* documenting the points of dispute regarding implementation of the Settlement Agreement, setting forth Kizer's position on those points, and proposing final steps to resolve all points of dispute, including actions to be undertaken by BIA at Kizer's request to comply with NHPA.  In closing his letter, counsel for Kizer requested that the title insurance company counsel and all defense counsel notify him immediately of any other points of dispute or any objections to the proposed course of action set forth in the April 18th letter.  As of the submission of this stipulation, counsel for Kizer is not aware of any other dispute points or objections to Kizer's proposed course of action as set forth in the April 18th letter being raised by counsel for the title insurance companies or any defense counsel.  Meaning, the BIA's completion of the obligations under the NHPA and the resulting trust-to-fee transfer is the last major action item remaining before the consent decree process and the resolution of this petition as set forth in Para. F, *infra*.

    F.  If and when the settlement closes in *Kizer v. PTP, Inc.*, the parties in the petition anticipate lodging a consent decree in another related case, *Pine View Estates Homeowner's Assoc. v. EPA*, Case No. 3:16-CV-00402-MMD-WGC (D. Nev.), relating to and addressing the Compliance Order.  The consent decree will need to be negotiated and once finalized and approved by officials at EPA and the United States Department of Justice, will be lodged with the Court. The Parties will then request that the Court approve and enter the consent decree. The consent decree will vacate the Compliance Order as to Kizer and will make the PVHOA solely responsible for the wastewater treatment system that is the subject of the Compliance Order. The approval and entry of the anticipated consent decree vacating the Compliance Order as to Kizer will moot this petition.

///

///

G. To preserve judicial resources, the Parties in this case stipulate to extend the stipulated discovery order and scheduling order deadlines until **September 5, 2018**. The Parties will notify the Court if the settlement closes in the meantime or if the Parties will proceed with this petition.

Dated this 5th day of June, 2018.

| | |
|---|---|
| Faegre Baker Daniels LLP<br>*Attorneys for Petitioner* | Jeffrey H. Wood<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division<br>*Attorney for Respondent* |
| By: */s/ Jerome A. Miranowski*<br>　　Jerome A. Miranowski<br>　　2200 Wells Fargo Center<br>　　90 South 7th Street<br>　　Minneapolis, MN 55402<br>　　(612) 766-7000<br>　　Jerome.miranowski@faegrebd.com | By: */s/Michael C. Martinez*<br>　　Michael C. Martinez (CA # 275581)<br>　　Environmental Defense Section<br>　　601 D Street N.W., Suite 8000<br>　　Washington D.C. 20004<br>　　(202) 514-0135<br>　　Michael.C.Martinez@usdoj.gov |

**IT IS SO ORDERED:**

*William G. Cobb*
_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 6, 2018.